UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICE AMERSON,

                Plaintiff,        Civil Action No. 12-14395
                                      Honorable Paul D. Borman
                                      Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTION FOR
ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT [23]**

**I.    REPORT**

    **A.    Procedural History**

Plaintiff Patrice Amerson filed a complaint, appealing the administrative determination denying her social security disability insurance benefits, on October 4, 2012. (Doc. #1). Defendant Commissioner of Social Security filed an answer and the administrative transcript on March 22, 2013. (Docs. #9, 10). Plaintiff filed her motion for summary judgment on July 9, 2013 (Doc. #15), and the Commissioner filed a response and cross-motion for summary judgment on November 25, 2013 (Doc. #19). On January 15, 2014, this Court issued a Report and Recommendation, recommending that Plaintiff's motion for summary judgment be granted. (Doc. #20). On March 18, 2014, the District Court issued an Order Adopting the Report and Recommendation. (Doc. #21). That same day, judgment was entered in favor of Plaintiff, and the case was remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g). (Doc. #22).

On June 22, 2014, Plaintiff filed a motion for attorney's fees pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. §2412. (Doc. #23). Plaintiff requests a total of $3,930.40 in attorney's fees, costs, and expenses. (*Id.* at 8). This motion was referred to the undersigned for report and recommendation on June 26, 2014. (Doc. #24). The Commissioner filed a response to Plaintiff's motion on July 7, 2014. (Doc. #25). The Commissioner argues that Plaintiff's motion should be denied because it is not timely, pursuant to 28 U.S.C. §2412(d)(1)(B), and Plaintiff has not met her burden of establishing that exceptional circumstances warrant equitable tolling of the EAJA time limitation. (*Id.* at 2-4).[1] Plaintiff did not file a reply brief.

    **B.**     **Analysis**

Pursuant to the EAJA, the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. §2412(d)(1)(A). The statute provides that the prevailing party's motion for attorney's fees must be filed "within 30 days of final judgment in the action." 28 U.S.C. §2412(d)(1)(B). A "final judgment" is defined in the statute as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G).

In a case remanded under sentence four of 42 U.S.C. §405(g), the judgment of remand is a "final judgment" under the EAJA. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991). Under the Federal Rules of Appellate Procedure, a judgment is final and non-appealable after 60 days. *See* Fed. R. App. P. 4(a)(1)(B). "Thus, a sentence four judgment of remand in a social security case becomes 'a judgment that is final and not appealable' 60 days from the entry of the judgment of remand, and a petition for EAJA fees must be filed within 30 days after that."

---

[1] The Commissioner also argues, in the alternative, that Plaintiff's requested fees should be reduced because they are excessive. (Doc. #25 at 4-9). Because the Court recommends denying Plaintiff's motion as untimely, it need not address the merits of this argument.

*Munson v. Comm'r of Soc. Sec.*, 2013 WL 3049359, at *1 (E.D. Mich. June 14, 2013).

In this case, the District Court entered judgment on March 18, 2014. (Doc. #22). This makes Monday, May 19, 2014, the last day an appeal could have been taken. The thirty-day period for filing the petition for attorney's fees then began running, and ended on June 18, 2014. Plaintiff, however, did not file her EAJA fee petition until June 22, 2014 – four days late. (Doc. #23). Plaintiff's motion is not timely; therefore, she will not be entitled to EAJA fees unless the Court applies principles of equitable tolling. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 131 (6th Cir. 2007).

When determining whether equitable tolling should apply, the court considers five factors: (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing her claim. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). Plaintiff bears the burden of establishing exceptional circumstances that warrant equitable tolling. *See Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008).

Plaintiff's counsel is an experienced and capable Social Security attorney who has sought and obtained EAJA fees in other cases. (Doc. #23). She clearly had knowledge and notice of the filing requirements. However, she does not acknowledge that her fee petition is untimely, let alone argue that she is entitled to equitable tolling.[2] (*Id.*). Indeed, even after the Commissioner filed her response objecting to the EAJA fee petition as untimely, Plaintiff filed no reply, and therefore has put forth no evidence or argument as to why equitable tolling would apply. The

---

[2] Plaintiff incorrectly asserts that her "application is timely." (Doc. #23 at 4).

3

only factor that would tend to weigh in Plaintiff's favor is the apparent lack of prejudice to the Commissioner. However, "[p]rejudice may only be considered if other factors of the test are met and therefore can only weigh in [the Commissioner's] favor." *Dunlap v. United States*, 250 F.3d 1001, 1009 (6th Cir. 2001) (abrogated on other grounds by *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011)).

Here, then, the Court concludes that Plaintiff's motion for fees is untimely and should be denied. *See Stevenson v. Comm'r of Soc. Sec.*, 2013 WL 5701052, at *3 (E.D. Mich. Oct. 18, 2013) (denying application for EAJA fees as untimely where Plaintiff failed to put forth any argument for equitable tolling) (citing *Williams v. Astrue*, 2013 WL 66215, at *1 (E.D. Ky. Jan. 4, 2013) (denying application for EAJA fees as untimely because plaintiff failed to present any arguments concerning the issue of equitable tolling) and *Horn v. Astrue*, 2012 WL 3441455, at *2 (E.D. Tenn. Mar. 2, 2012) (denying motion for EAJA fees because plaintiff failed to reply to the Commissioner's response objecting to the EAJA fees and therefore put forth no reason why equitable tolling would apply)). Given Plaintiff's failure to file a reply brief arguing for the application of equitable tolling to save her tardy fee petition, this Court's recommendation would be the same even if it were to consider the prejudice prong of the five-factor test, and conclude that it weighed in her favor.

## II.  RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Motion for Attorney's Fees [23] be **DENIED**.

Dated: August 15, 2014            s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                  United States Magistrate Judge

4

**NOTICE**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 15, 2014.

                                                  s/Eddrey O. Butts  
                                                EDDREY O. BUTTS  
                                                Case Manager