UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICE AMERSON,

                Plaintiff,         Civil Action No. 12-14395
                                 Honorable Paul D. Borman
                                 Magistrate Judge David R. Grand

v.

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON MOTION
FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. §406(b) [28]**

I.      **REPORT**

      A.      **Procedural History**

Plaintiff Patrice Amerson filed a complaint, appealing the administrative determination denying her Social Security Disability Insurance Benefits, on October 4, 2012. (Doc. #1). Defendant Commissioner of Social Security filed an answer and the administrative transcript on March 22, 2013. (Docs. #9, 10). Plaintiff filed her motion for summary judgment on July 9, 2013 (Doc. #15), and the Commissioner filed a response and cross-motion for summary judgment on November 25, 2013 (Doc. #19). On January 15, 2014, this Court issued a Report and Recommendation, recommending that Plaintiff's motion for summary judgment be granted. (Doc. #20). On March 18, 2014, the District Court issued an Order Adopting the Report and Recommendation. (Doc. #21). That same day, judgment was entered in favor of Plaintiff, and the case was remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g). (Doc. #22).

On June 22, 2014, Plaintiff's attorney, Eva Guerra, filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.  (Doc. #23).  On September 30, 2014, the District Court adopted this Court's Report and Recommendation to deny Ms. Guerra's application as untimely.  (Doc. #27).  Thus, Guerra did not receive any EAJA fees in this action.

Subsequently, the Commissioner's Office of Central Operations issued a Notice of Award, dated March 23, 2015, awarding Plaintiff $24,497.00 in past-due benefits.  (Doc. #28 at Ex. 1).  On July 8, 2015, Ms. Guerra filed the instant motion indicating that, pursuant to the terms of both 42 U.S.C. §406(b) and the applicable fee agreement, she is entitled to attorney's fees in the amount of 25% of Plaintiff's past-due benefits ($6,124.25).  (Doc. #28).  In her motion, Ms. Guerra asserts that she obtained a favorable decision for her client and is therefore entitled to a reasonable fee for her work in accordance with the fee agreement she and Plaintiff executed, and pursuant to 42 U.S.C. §406(b).  (*Id.*).  The Commissioner filed a response indicating that she does not oppose Ms. Guerra's request.  Ms. Guerra indicates in her motion that on July 8, 2015, she sent Plaintiff a letter (and a copy of her motion) offering her an opportunity to oppose her request.  (*Id.* at Ex. 4).  Plaintiff has not filed any objection to Ms. Guerra's motion.

### B.    Analysis

42 U.S.C. §406(b) authorizes the Court to award attorney fees following the successful disposition of Social Security disability appeals.  Section 206(b)(1) of the Social Security Act permits courts to award attorneys up to 25% of the past-due benefits to which a claimant is entitled after a favorable decision.  "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits."

*Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).  Moreover, such attorney fees are subject to the condition that they be reasonable for the services rendered.  *Id. at 807.*

Here, Ms. Guerra is requesting $6,124.25 in attorney fees, which represents 25% of the past due benefits awarded to Plaintiff ($24,497.00).  Ms. Guerra has submitted a fee agreement, signed by both herself and her client, in which Plaintiff specifically acknowledges that an attorney who successfully represented her in court may be awarded a reasonable fee, not in excess of 25% of her past due benefits.  (Doc. #28 at Ex. 2).

Contingent fee arrangements are allowed under the Social Security Act.  In fact, an "agreement for a 25% fee, the maximum permitted under §206(b) of the Social Security Act, 42 U.S.C. §406(b), is presumed reasonable," even if amounts called for by the 25% contingency agreements compute to comparatively high hourly rates.  *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990) (citing *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) and *Royzer v. Sec'y of Health & Human Servs.*, 900 F.2d 981, 982 (6th Cir. 1990)).  The Sixth Circuit has recognized that "[c]ontingent fees generally overcompensate in some cases and undercompensate in others."  *Id*. (quoting *Royzer,* 900 F.2d at 982).

In Social Security cases, the 25% contingent fee "is not to be viewed as per se reasonable," but generally, "if the agreement states that the attorney will be paid twenty-five percent of the benefits awarded, it should be given the weight ordinarily accorded a rebuttable presumption."  *Rodriquez*, 865 F.2d at 746.  Fees may be reduced below the 25% limit for improper conduct, ineffectiveness of counsel, and "situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended."  *Id.*

In this case, there is no suggestion that Ms. Guerra behaved improperly or was

ineffective.  Nor does it appear that awarding the total fee requested would amount to a windfall. Ms. Guerra has submitted a full log of her activities on Plaintiff's behalf, which shows a total of 22.4 hours spent on the case.  (Doc. #28 at Ex. 3).  Given that the total award requested is $6,124.25, the effective hourly rate would be approximately $273.00.  Awards using higher rates than this have been deemed reasonable by courts in the past. *See, e.g., Hamilton v. Comm'r of Soc. Sec.*, 2011 WL 10620498, at *5-6 (E.D. Mich. Aug. 15, 2011) (approving a contingency rate of $625 per hour for §406(b) fees); *Karadsheh v. Comm'r of Soc. Sec.*, 2011 WL 5041366, at *3 (W.D. Mich. Sept. 26, 2011) (approving a contingency rate of $360 per hour for §406(b) fees).

Moreover, in assessing a fee determination, courts have found it useful, although not necessary, to consider the defendant's position as to the reasonableness of the requested fee award.  *See, e.g., Lewis v. Sec'y of Health & Human Servs.*, 707 F.2d 246, 248 (6th Cir. 1983). In this case, the Commissioner does not object to the requested fee award or challenge it in any respect.  The Court also notes that Plaintiff has not objected to the Court granting the requested fee award.

## II.    RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Ms. Guerra's motion for attorney fees under 42 U.S.C. §406(b) **[28]** be **GRANTED** and that attorney fees be awarded to her in the amount of $6,124.25.


Dated: August 7, 2015                         s/David R. Grand
Ann Arbor, Michigan                           DAVID R. GRAND
                                              United States Magistrate Judge


## NOTICE

The  parties  to  this  action  may  object  to  and  seek  review  of  this  Report  and

Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 7, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager